## FLETCHER *v.* SEVERS.

### (*City Court of New York, Trial Term.* April 23, 1890.)

1. DESCENT AND DISTRIBUTION—NEXT OF KIN—PER CAPITA.

    3 Rev. St. N. Y. (6th Ed.) p. 105, § 90, subd. 5, provides that "in case there be no widow and no children, and no representatives of a child, then the whole surplus shall be distributed to the next of kin in equal degree to the deceased and the legal representatives." Subdivision 9 provides that "where the descendants or next of kin of the deceased, entitled to share in his estate, shall all be in equal degree to the deceased, their shares shall be equal." *Held,* that where the next of kin of a decedent are all the children of her deceased brothers and sisters, they take *per capita,* and not *per stirpes,* though subdivision 11 provides that "no representation shall be admitted among collaterals after brothers' and sisters' children."

2. SAME—COMPROMISE OF WILL CONTEST.

    Where the contest of a will between the legatee and the testator's next of kin is compromised by the payment to the next of kin of a sum of money, whereupon the contest is abandoned, the sum thus paid will be distributed as the proceeds of an intestate estate.

Action by Phœbe C. Fletcher against John Severs. Trial was had by the court without a jury.

*Henry B. B. Stapler,* for plaintiff. *B. Metzger,* for defendant.

McADAM, C. J. The action, in form on contract, is to determine and enforce the rights of the plaintiff and her sister and brother on the one hand, and those of their cousin Gurnee on the other, to a fund arising under an agreement for the settlement of a controversy with the defendant Severs as to the validity of the will of Anna Clausman, deceased, an aunt of the parties, of which will Severs was executor and beneficiary. Anna Clausman left, her surviving, as her only next of kin, Phœbe C. Fletcher, Sally C. Stewart, Mary Ann Townsend, John Cox, Samuel Cox, children of Effie Cox, a deceased sister of the testatrix, and Jesse Gurnee, a son of Margaret Gurnee, another deceased sister of said testatrix. The will was drawn in favor of the defendant Severs. Its validity was contested by the said next of kin. They were successful in the surrogate's court, but unsuccessful on appeal. A compromise was finally effected between the attorneys for the respective parties, by the terms of which the defendant agreed to pay to the contestants $2,000 in consideration of their withdrawing further opposition to the probate of said will, and the execution by them of general releases to the said Severs, which compromise was authorized by the contestants. The question has arisen between the plaintiff and her brothers and sisters, as the children of one deceased sister of the testatrix, on the one hand, and Jesse Gurnee, a child of another deceased sister, on the other, as to the proportion of said fund which the said Jesse Gurnee is entitled to receive; and he has refused to execute the release called for by the agreement of settlement on the ground that he is entitled to receive by representation the proportion of said fund which his mother, Margaret Gurnee, would have taken had she survived the testatrix, while the children of Effie Cox claim that Jesse Gurnee is only entitled to share equally with them in said fund, as they are all nieces and nephews of said deceased. This is the question presented for determination.

It is submitted on behalf of the plaintiff that, as the fund to be distributed arises from a contract, the object of which was to secure an adjudication that the will was invalid, and that as a consequence the maker of said will died intestate, the fund in question must be treated, so far as its distribution is concerned, as the proceeds of an intestate estate. If the contest had been successful, the whole fund would have been clothed with that character. As only a part of the fund has been released from the operation of the will, the character of intestacy adheres to the portion released. If this view be correct, it follows that the inquiry must be, what are the rights of the parties in question to the fund regarded as an intestate estate? This question must be governed by the interpretation of those provisions of the statute of distributions relating to the rights of next of kin in an intestate estate. By subdivision 5 of section 90 of said statute, it is provided that, "in case there be no widow and no children, and no representatives of a child, then the whole surplus shall be distributed to the next of kin in equal degree to the deceased and the legal representatives." 3 Rev. St. (6th Ed.) p. 105. By subdivision 9 of the same section of the statute, it is provided as follows: "Where the descendants or next of kin of the deceased, entitled to share in his estate, shall be all in equal degree to the deceased, their shares shall be equal." The children of the two deceased sisters of the said deceased are all in equal degree to the deceased; that is, they are all her nieces and nephews. Says Redfield on Surrogate's Practice: "There is little difficulty in determining questions of distribution, except where there are no descendants and no widow. In such cases the whole surplus is to be distributed 'to the next of kin in equal degree to the deceased, and the legal representatives;' and it frequently becomes necessary to determine who are of an equal degree of consanguinity to the deceased, and how far the distribution may be made among those who are of unequal degrees of relationship to the decedent. In determining the persons who are next of kin of a decedent 'in equal degree,' the rule of the civil and common law is to count up from either of the persons related to the common ancestor, and then down to the other person related, reckoning a degree to each person ascending and descending." Page 607, (3d Ed.) Following this rule, we find that nieces and nephews of a testator or intestate are all in the third degree of kindred to the deceased. Id. 608. From these considerations, it would seem that the defendant Gurnee is only entitled to an equal share with the other next of kin of the deceased in the fund in question. The position that, under subdivision 11, the defendant Gurnee is by inference entitled to take the share by representation which his mother would have taken, is untenable. The subdivision last referred to is as follows: "No representation shall be admitted among collaterals after brothers' and sisters' children." 3 Rev. St. (6th Ed.) 105. The right of brothers' and sisters' children to succeed by representation is preserved, but subject to whatever modification may be necessary to make effective all the provisions of the statute, interpreting one so as to advance the purpose and intent of all.

If Margaret Gurnee, one of the sisters, had lived, she would no doubt have taken half of the whole estate, and the children of Effie Cox would have taken by representation the other half; and in that event the literal provisions of the statute would have read in harmony without the aid of interpretation. But both sisters died before the decedent, and those entitled to take are all in the third degree of kindred to the deceased, and must, under the statute, share in the estate *per capita*, and take an equal part of the fund. *Hurtin* v. *Proal*, 3 Bradf. Sur. 414. If the decedent had also left an uncle and aunt, they would have been in equal degree of relationship to her, and the estate would have been divided *per capita* among the uncle, aunt, nieces, and nephew; and claim of title by representation would not have defeated the result. *Durant* v. *Prestwood*, 1 Atk. 454. If the next of kin had been of unequal degree, the rule as to taking by representation would have been appli-

cable. Under the circumstances, the plaintiff and the defendant Gurnee are entitled to share equally in the fund in controversy; and therefore the plaintiff is entitled to one-sixth part thereof, to-wit, the sum of $330, of which there still remains to be paid to her the sum of $130, and for this amount she is entitled to judgment.